UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Gwendolyn C. McClure<br>3334 Cargin Court<br>Canal Winchester, Ohio 43110,<br><br>v.<br><br>Bank of America, N.A.<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114<br><br>    Defendant. | Civil Action No.:  2:12-CV-946<br><br>Judge:<br><br>Magistrate Judge: |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF
JURY DEMAND ENDORSED HEREIN**

**I. PRELIMINARY STATEMENT**

1. Ms. Gwendolyn C. McClure ("Ms. McClure") institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against defendant, Bank of America, N.A., ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA"). Further, Ms. McClure institutes this action for incorrect charges and incorrect balance and for breach of contract.

**II. JURISDICTION**

2. This Court has jurisdiction over all claims pursuant to 28 U.S.C § 1332.

1

3. This Court has jurisdiction for the First Count pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331 and § 1337.

4. This Court has jurisdiction for the Second Count pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2614 and 28 U.S.C. §§ 1331 and 1337.

5. This Court has jurisdiction for the Third Count pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

6. This Court has supplemental jurisdiction over the Ms. McClure's state law claims pursuant to 28 U.S.C. § 1367.

### III. PARTIES

7. Ms. McClure is a natural person currently residing within this Court's jurisdiction at 3334 Cargin Court, Canal Winchester, Franklin County, Ohio, 43214.

8. Ms. McClure was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

9. Ms. McClure was and is a **Consumer** within the meaning of TILA at 15 U.S.C. § 1602(i) at all times relevant to this transaction.

10. Defendant is a national banking association organized and existing under the laws of the United States and has its principal place of business in Delaware.

11. The amount at issue exceeds $75,000.00.

12. Defendant was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

13. Defendant was and is a **servicer** of a consumer obligation within the meaning of TILA at 15 U.S.C. § 1641(f) at all times relevant to this transaction.

14. Defendant was and is a loan **servicer** of Ms. McClure's **federally related mortgage loan** within the meaning of those terms in RESPA at 12 U.S.C. §§ 2605(i)(2) and 2602(1), respectfully, at all times relevant to this transaction.

15. Defendant was and is a **Creditor** within the meaning of TILA in that it regularly extended or offered to extend consumer credit, 15 U.S.C. § 1641(f), at all times relevant to this transaction.

16. Upon information and belief, Defendant claims to be the owner of Plaintiff's obligation described herein.

### IV. FACTUAL ALLEGATIONS

17. Ms. McClure incorporates all other paragraphs in this Complaint by reference as though fully written here.

18. On or about October 28, 1997, Ms. McClure executed a mortgage and note for the purpose of financing residential property at 3334 Cargin Court, Canal Winchester, Franklin County, Ohio, 43214. A copy of the Note is not on file.  A copy of that mortgage, as provided to her by Defendant on or about October 28, 1997, is attached as Exhibit A.

19. The October 28, 1997 transaction whereby Plaintiff executed a promissory note and mortgage was and is a **consumer credit transaction** within the meaning of TILA, 15 U.S.C. § 1602.

20. The October 28, 1997 transaction whereby Ms. McClure executed a mortgage was and is a **federally related mortgage loan** within the meaning of RESPA at 12 U.S.C. § 2602(1).

21. Ms. McClure filed for Chapter 13 Bankruptcy on April 8, 1999.

22. On June 18, 1999, an Order Confirming Chapter 13 Plan was filed.

23. The bankruptcy court directed Ms. McClure's employer to withhold and transmit deductions from her pay.

24. Ms. McClure made the majority of the payments under her Chapter 13 Payment Plan, which called for biweekly payments of $656.12. A true and accurate copy of the Semi Annual Reports from the Bankruptcy trustee dated: 10/07/1999; 10/13/2000; 10/17/02; & 3/31/04 are attached as Exhibit B.

25. Despite these payments, Defendant claimed Ms. McClure was $19,000.00 behind on her mortgage.

26. The Bankruptcy Court Mortgage was deemed current as of May 3, 2004.

27. Upon information and belief, Defendant did not properly apply Ms. McClure's payments made under her Chapter 13 payment plan.

28. More specifically, after approximately five years of Chapter 13 bankruptcy payments, Ms. McClure owed $19,000.00 to Defendant, which was more than she owed before entering bankruptcy in the first place.

29. Ms. McClure became frustrated with Defendant so she stopped making payments on her bankruptcy plan.

30. As a result her stopping payments, the bankruptcy court dismissed her Chapter 13 bankruptcy petition on February 10, 2005.

31. Ms. McClure filed for Chapter 7 Bankruptcy and was subsequently discharged on January 24, 2006.

32. Defendant has repeatedly refused Ms. McClure's requests for a loan modification.

33. Ms. McClure fell behind on her mortgage at some point in the spring of 2011.

34. Upon information and belief had Defendant properly applied for past payments, Ms. McClure would not have fell behind on her mortgage, incurring late fees and ultimately causing her to fall further into arrears.

35. Defendant has never fully accounted for the payments it received from Ms. McClure.

36. Ms. McClure sent a letter to Defendant on September 14, 2012, pursuant to the Fair Debt Collection Practices Act.  A true and accurate copy is attached as Exhibit C.

37. Similarly, Ms. McClure sent a **qualified written request** to Defendant on September 14, 2012, via certified mail, pursuant to Real Estate Settlement and Procedures Act ("RESPA Letter.")  A true and accurate copy is attached as Exhibit D.

38. Ms. McClure's RESPA Letter included a request Defendant provide her the name, address, and telephone number of the owner of the obligation Ms. McClure executed as part of her October 28, 1997 loan transaction.

39. Ms. McClure's RESPA Letter included a statement she believed payments to her account were misapplied, and request Defendant correct her account by correctly applying those payments.

40. Defendant received the RESPA Letter and signed certified mail receipt on September 12, 2012.

41. Defendant replied to Ms. McClure's correspondence on or about October 2, 2012 acknowledging receipt of only Ms. McClure's request for a payment history.   A true and accurate copy of that letter and accompanying payment history is attached as Exhibit E.

42. Defendant's October 2, 2012 correspondence does not state the name of the owner of Ms. McClure's obligation, nor does it state that owner's address or telephone number.

5

43. Defendant's October 2, 2012 correspondence does not state it corrected any misapplied payments.

44. Defendant's October 2, 2012 correspondence does not provide Ms. McClure with a written explanation including a reason why it believed the account to be correct.

45. Defendant's October 2, 2012 correspondence does not provide Ms. McClure with a written explanation of why the information requested is unavailable or cannot be obtained.

46. Defendant's October 2, 2012 correspondence does not state the name and telephone number of an individual employed by Defendant who could provide assistance to Ms. McClure.

## V. FIRST COUNT – FDCPA

47. Ms. McClure incorporates all other paragraphs in this Complaint by reference as though fully written here.

48. Defendant's charging of fees and expenses not authorized in the mortgage or note constitute violations of the FDCPA, 15 U.S.C. § 1692a, et seq. and is liable to Ms. McClure for false, deceptive, or misleading representation in connection with the collection of the debt in violation of 15 U.S.C. § 1692e. See Exhibit E.

49. Defendant's following actions also constitute violations of the FDCPA:
    a. Using false and deceptive means to collect or attempt to collect this debt, including failing to identify the true owner of the debt, and failing to identify itself as non-holder of the note, in violation of 15 U.S.C. § 1692e(10);

    b. Attempting collection of amounts and fees not authorized by the mortgage, in violation of 15 U.S.C. § 1692f(1).

    c. Failing to provide adequate validation of the debt after Ms. McClure so requested.

50. Defendant's actions defined herein constitute violations the FDCPA, 15 U.S.C. § 1692a, et seq, and it is liable to Ms. McClure for false, deceptive, or misleading representation in connection with the collection of the debt in violation of 15 U.S.C. § 1692e.

51. Those actions also constitute a false and deceptive means to collect or attempt to collect this debt, in violation of 15 U.S.C. § 1692e(10).

52. Ms. McClure has suffered emotional distress as a result of Defendant's actions.

53. Defendant is liable to Ms. McClure under this Count for its FDCPA violations in an amount equal to or greater than: actual damages for each of its violations of the FDCPA, 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000, 15 U.S.C. § 1692k(a)(2)(A); and costs of this action and attorney's fees, as provided under the FDCPA, 15 U.S.C. § 1692k(a)(3).

### VI. SECOND COUNT - RESPA

54. Ms. McClure incorporates all other paragraphs in this Complaint by reference as though fully written here

55. By failing to correct Ms. McClure's account by correctly applying her payments, Defendant violated RESPA at 12 U.S.C. § 2605(e)(2).

56. By failing to provide Ms. McClure a written explanation that included a reason why it believed her account to be correct, plus the name and telephone number of an

individual employed by Defendant who could provide assistance to Ms. McClure, Defendant violated RESPA at 12 U.S.C. § 2605(e)(2).

57. By failing to provide Ms. McClure a written explanation of why the information she requested pertaining to her account payments was unavailable or could not be obtained, and for failing to provide her the name and telephone number of an individual employed by Defendant who could provide assistance to Ms. McClure, Defendant violated RESPA at 12 U.S.C. § 2605(e)(2).

58. Defendant has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

59. Ms. McClure has suffered actual damages in at least an amount equal to Defendant's incorrect charges, attorney's fees plus the cost of time, material, stamps, and paper due to Defendant's failure to adequately respond to her Qualified Written Request.

60. Due to these violations, Defendant is liable to Ms. McClure in the amount of her actual damages, additional damages in the amount of $1,000.00, attorneys' fees, and costs of the action, pursuant to 12 U.S.C. § 2605(f).

## VII. THIRD COUNT – TRUTH IN LENDING ACT VIOLATION

61. Ms. McClure incorporates all other paragraphs here by reference as though fully written here.

62. By failing to provide Ms. McClure the name, address, and telephone number of the owner of her obligation upon her written request, Defendant violated TILA at 15 U.S.C. § 1641(f)(2).

63. Due to this violation, Defendant is liable to Ms. McClure in the amount of her actual damages, statutory damages in the amount of $4,000, attorneys' fees, and costs of the action, pursuant to 15 U.S.C. § 1640(a) per violation.

## IX. FOURTH COUNT – BREACH OF CONTRACT

64. Ms. McClure incorporates all other paragraphs in this Complaint by reference as though fully written here.

65. A mortgage and note existed between Ms. McClure and Defendant evidenced by a Note and Mortgage.  See Mortgage attached at Exhibit A.

66. Ms. McClure executed her required performance under the mortgage and note in making payments to Defendant and has complied with all conditions precedent.

67. However, Defendant breached the mortgage and note when it failed to properly apply her payments to her mortgage.

68. Upon information and belief, Defendant's accounting for Ms. McClure's balance on the note is inaccurate due to improperly assessed charges and fees and for failing to provide proper credits to the account.

69. Upon information and belief, Defendant's accounting for Ms. McClure unpaid balance includes fees and costs not authorized by the mortgage.

70. Defendant's breach of the mortgage and note caused Ms. McClure substantial damages in that it ultimately caused her to incur late fees and costs in excess of what was actually owed, ultimately causing her the risk of foreclosure.

71. Ms. McClure is entitled to damages as a result of Defendant's breach of the mortgage and note.

### X. FIFTH COUNT – DECLARATORY RELIEF UNDER R.C. § 2721.03
### (HOLDER OF NOTE AND MORTGAGE)

72. Ms. McClure incorporates all other paragraphs in this Complaint by reference as though fully written here.

73. Ms. McClure is an interested person under the written mortgage and note.

74. A real controversy exists between the parties in this case regarding whether the note between the parties is valid and whether the amount due is owed under the note.

75. The controversy between the parties is justiciable in character.

76. Speedy relief is necessary to the preservation of rights which may otherwise be impaired or lost.

77. Ms. McClure requests this Court make a determination as to whom she owes her mortgage obligation, that Defendant is not the holder of the note and it does not hold rights to enforce the note, that Defendant does not hold legal rights under the mortgage nor does it hold equitable rights under the mortgage, and set forth a declaration of the rights, status, and legal relations of the parties.

78. Ms. McClure requests this Court make a determination as to the balance due on the note.

### XI. PRAYER FOR RELIEF

**WHEREFORE**, Ms. McClure respectfully prays this Court:

79. Assume jurisdiction of this case;

80. Award Ms. McClure actual damages to be established at trial pursuant to 15 U.S.C. § 1640(a)(1);

81. Award Ms. McClure statutory damages in the amount of $4,000, attorneys' fees, and costs of the action, pursuant to 15 U.S.C. § 1640(a);

82. Award Ms. McClure damages in the amount of $1,000, attorneys' fees, and costs of the action, pursuant to 12 U.S.C. § 2605(f);

83. Award Ms. McClure an amount not exceeding $5,000 pursuant to R.C. § 1345.09(A), and attorney's fees and costs of this action pursuant to R.C. § 1345.09(F);

84. Grant Ms. McClure economic and non-economic damages, including actual, emotional, general, punitive, and other damages;

85. Grant Ms. McClure's attorney's fees with the appropriate multiplier plus costs and expenses of litigation;

86. Issue a judicial determination of the rights, duties, and obligations of the parties hereto; and

87. Issue a declaration declaring Defendant is not the holder of the note and it does not hold rights to enforce the note;

88. Issue a declaration declaring Defendant neither hold legal rights under the mortgage, nor does it hold equitable rights under the mortgage;

89. Issue a determination of the amount owed on the note; and

90. Grant such other relief as the Court deems appropriate.

Dated this October 12, 2012.

DOUCET & ASSOCIATES, LLC


/s/ Troy J. Doucet
Troy J. Doucet, Trial Counsel (0086350)
*Attorney for Gwendolyn McClure*
4200 Regent Street, Suite 200
Telephone: (614) 944-5219
Facsimile: (818) 638-5548
Troy@troydoucet.com


### JURY TRIAL DEMANDED

Ms. McClure respectfully requests a jury trial on all triable issues.

DOUCET & ASSOCIATES, LLC


/s/ Troy J. Doucet
Troy J. Doucet, Trial Counsel (0086350)
*Attorney for Gwendolyn McClure*
4200 Regent Street, Suite 200
Telephone: (614) 944-5219
Facsimile: (818) 638-5548
Troy@troydoucet.com